IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL F. COLE, et al. | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO. 07-0590 |
| GILBERT E. TOLL, ESQUIRE, et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                            November 16, 2007

      Currently before the Court are the Motions of defendants Gilbert E. Toll, Attorney-at-Law, P.C. and Gilbert Toll (the "Toll defendants") and defendant Robert D. Charleston, Esq. to Dismiss the Complaint of Plaintiffs Daniel F. Cole, Esquire and Robert E. Cole. For the reasons which follow, it is ordered that the Motion of the Toll defendants be granted and the Motion of defendant Charleston be denied.

**I.     FACTUAL AND PROCEDURAL HISTORY**

      According to the facts as set forth in the Complaint, attorney Gilbert Toll sent a letter, dated February 13, 2006 (the "Toll Letter"), on the letterhead of Gilbert E. Toll, P.C., to plaintiff Robert E. Cole, Esquire and Daniel F. Cole, Jr. (Complaint at ¶ 10).[1] The letter purported to reference the Estate of Daniel F. Cole, Sr., the late father of the two plaintiffs, and indicated as follows:

---

[1]. Although the Complaint alleges that the letter was sent to both plaintiffs, Exhibit A to the Complaint suggests that the letter was sent only to plaintiff Robert E. Cole, Esq. and copied to the Property Manager of Old Forge Crossing Condominium.

>    RE:   Estate of Daniel F. Cole Sr., deceased
>          Premises: Unit 490 Old Forge Crossing Condominium,
>          1027 North Valley Forge Road, Devon, PA
>
> Dear Mr. Cole:
>
> I represent Old Forge Crossing Condominium Association. The Board of Directors has asked me to proceed to enforce its lien for condominium assessments against the above premises.
>
> According to the records of the Chester County Register of Wills, there has been no application for Letters Testamentary or Letters of Administration. Please advise me if an Estate has been raised in any jurisdiction, and if so, the name of the jurisdiction and identifying number.
>
> If I am able to obtain this information it will save the cost of searches and investigation which will constitute an additional lien against the above premises along with all legal fees to be incurred.
>
> I would appreciate your prompt response as I anticipate commencing such searches and investigation in (10) days. I thank you in advance for your cooperation.
>
>                                    Sincerely,
>
>                                    Gilbert E. Toll

(Complaint at ¶ 10 and Ex. A).

Subsequently, on December 19, 2006, defendant Robert D. Charleston, Esquire sent to plaintiff Robert Cole a letter, on the letterhead of "Law Offices of Robert D. Charleston," which stated as follows:

> Dear Mr. Cole
>
> I represent Old Forge Crossing Condominium Association to whom your late father is indebted for unpaid association fees, owners assessments, special assessments, late fees and other costs in connection with his ownership of premises 490 Pewter Mews, Devon, PA 19333. As of December 4, 2006, the balance due on this account was $2,493.23. These charges constitute a lien against the Unit. In addition, any legal fees and court costs incurred by the

2

> Association in connection with the foreclosure of this lien and collection of the amount due constitutes a further lien against the Unit until paid.
>
> On December 15, 2006, a Petition for Citation in the captioned matter was filed with the Register of Wills of Chester County. The Register awarded a Citation to you on December 18, 2006. True and correct copies of the Petition as filed and the Citation awarded are enclosed. Kindly file your complete answers under oath on or before January 8, 2007 and as otherwise directed.

(Complaint at ¶ 12 and Ex. B).

Finally, on January 30, 2007, defendant Charleston sent to plaintiff Robert Cole a third letter, which stated as follows:

> Dear Mr. Cole:
>
> Permit this to follow our conference before the Register of Wills and her solicitor on the above matter today and our brief discussion on the courthouse steps thereafter. It now appears with certainty that Letters of Administration will issue to one or more of the Cole family members prior to our hearing on April 2, 2007, or to my nominee thereafter. In the former event, we shall promptly bring our claim for damages as set forth in the Petition. In the latter event, we shall likely set the premises over for public sale in order to properly administer the estate.
>
> As you are undoubtedly aware, the passage of time serves only to increase the amount of damages, including the Association's attorney fees, for which the estate will ultimately be responsible. If you have an interest in satisfying the current obligation and establishing a mechanism by which the estate can timely satisfy future assessments and other charges, I would be pleased to calculate the exact amount of present damages, run a time sheet for counsel fees incurred to date and otherwise broach this with my client.
>
> In any event, I look forward to your earliest advices.

(Complaint at ¶ 14 and Ex. C).

On February 12, 2007, plaintiffs initiated the current action against both the Toll defendants and defendant Charleston alleging that this series of letters was in violation of the Fair Debt Collection Practices Act ("FDCPA"), 16 U.S.C. § 1692, *et seq.* Specifically, they asserted

that the various letters sent to plaintiffs by defendants were communications relating to a debt, as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA, which committed the following violations:  (1) falsely representing the amount, character or legal status of an alleged debt; (2) threatening to take action that cannot legally be taken and/or is not intended to be taken; (3) failing to disclose clearly in all communications made to collect debt or to obtain information about the plaintiffs, that the defendants are attempting to collect a debt and that any information will be used for that purpose; (4) failing to send plaintiffs a written notice in their initial communication or within five days thereafter, containing any of the information required by § 1692(g) of the FDCPA by extraneous language contained in the aforementioned notices; (5) contradicting, overshadowing and obscuring the required validation/verification language required by § 1692(g) of the FDCPA by extraneous language contained in the aforementioned notices; and (6) otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt from the plaintiffs. (Complaint at ¶¶ 25-31).  In addition, plaintiffs allege violations of the Pennsylvania Trade Practices Regulations ("PDCTPR"), 37 Pa.Code § 303.3, *et seq.* and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, *et seq.*  (Complaint at ¶¶ 32-38).  On April 12, 2007 and April 18, 2007, respectively, the Toll defendants and defendant Robert E. Charleston, Esquire filed motions to dismiss.

## II.     STANDARD OF REVIEW FOR MOTION TO DISMISS

The purpose of a Fed. R. Civ. P. 12(b)(6) motion is to test the legal sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Under Rule 12(b)(6), a defendant bears the burden of demonstrating that plaintiff has not stated a claim upon which

relief can be granted. FED. R. CIV. P. 12(b)(6). When considering such a motion to dismiss, the court must "accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the nonmoving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). Notably, though, the court will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The question before the court is not whether the plaintiff will ultimately prevail. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). Rather, the court should only grant a 12(b)(6) motion if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

### III. DISCUSSION

#### A. Fair Debt Collection Practices Act

Plaintiffs hinge the crux of their Complaint on the Fair Debt Collection Practices Act. The FDCPA "provides a remedy for consumers who are subjected to abusive, deceptive, or unfair trade collection practices by debt collectors." See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 400 (3d Cir. 2000). The Act forbids a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Such use includes, in part, "[t]he false representation of – the character, amount, or legal status of any debt," id. at § 1692e(2)(A), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," id. at § 1692e(5), "[t]he use of any false

representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," id. at § 1692e(10) and "[t]he failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." id. at § 1692e(11).  In addition, the Act prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  Id. at § 1692f.  Finally, the Act mandates the sending of an additional notice, within five days of the initial communication with the consumer, containing a prescribed set of information.  Id. at § 1692g.

"A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'"  Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir. 1987).  As defined in the FDCPA, "[t]he term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).  The term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt."  Id. at § 1692a(3).  For purposes of communications between a debt collector and consumer, a "consumer" includes the consumer's spouse, guardian, executor, or administrator.  Id. at  § 1692c(d).  Notably, however, a reading of the plain language of the Act demonstrates that it does not limit recovery to "consumers."  Instead, it imposes liability where a debt collector has failed to comply with the Act with respect to "any person." 15 U.S.C. § 1692k.

When analyzing the protections of the FDCPA, courts apply a "least sophisticated debtor" standard, including whether such a debtor would be confused or misled by contradictory or overshadowing information contained in debt collection notices. Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir.1991). See also Jang v. A.M. Miller & Assocs., 122 F.3d 480, 483-84 (7th Cir.1997) (When evaluating FDCPA claims, the court evaluates communications from debt collectors "through the eyes of an unsophisticated consumer."). The unsophisticated consumer is a "hypothetical consumer whose reasonable perceptions will be used to determine if collection messages are deceptive or misleading." Gammon v. GC Servs. Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994). This standard is lower than that of a reasonable debtor, and reflects the policy of the FDCPA to protect both shrewd and gullible consumers. Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (citations omitted).

In the case at bar, plaintiffs allege an FDCPA claim against both the Toll defendants and defendant Charleston. For clarity of discussion, the Court addresses each individually.

### 1.   **The Toll Defendants**

Taking the allegations of the Complaint as true, the sole action attributable to the Toll defendants is the February 13, 2006 Toll Letter. The Toll defendants, however, allege that the Complaint against them fails on five grounds. First, they claim that the Toll Letter was not an attempt to collect a debt from plaintiffs. Second, they assert that plaintiffs do not have standing to bring a claim under the FDCPA because they are not "consumers" and the alleged conduct did not concern a "debt" as those terms are defined by the FDCPA. Third, they aver that the Toll Letter did not falsely represent the amount, character, or legal status of an alleged debt. Fourth, they argue that the Toll Letter did not threaten to take action that cannot legally be taken and/or is

not intended to be taken.  Fifth, they contend that the Toll Letter was not required to disclose to plaintiffs that it was attempting to collect a debt or attempting to obtain information about plaintiffs.  Finally, they claim that they were not required to include the statutory language set forth in 15 U.S.C. § 1692g.

Notwithstanding the plethora of defenses raised, plaintiffs' Complaint against the Toll defendants fails at the Court's initial finding that the Toll Letter was not an attempt to collect a debt.  As noted above, the purpose of the FDCPA is, in part, "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e).  The term "communication" is broadly defined.  For a communication to be governed by the FDCPA, it must convey information "regarding a debt directly or indirectly to any person through any medium." 15 U.S.C.A. § 1692a(2).  Nonetheless, for purposes of the violations asserted by plaintiffs, only communications "in connection with the collection of any debt" fall under the ambit of the Act.  15 U.S.C. § 1692e; Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227, 232 (3d Cir. 2005); Bailey v. Security Nat. Servicing Corp., 154 F.3d 384, 388 (7th Cir. 1988).  Thus, not all communications made to a debtor in regard to a debt are made for collection purposes.  See, e.g., Bailey, 153 F.3d at 389 (finding no "communication" where letter at issue did not demand any payment, but merely informed consumer about current status of account, listing prospective dates for payment); Tolentino v. Friedman, 833 F. Supp. 697, 700 (N.D. Ill. 1993) (noting that "[n]ot all communications made to a debtor in regard to a debt are made for collection purposes."), aff'd, 46 F.3d 645 (7th Cir. 1995).

Plaintiffs baldly assert that this matter concerns the Toll defendants' attempt to collect condominium association fees from plaintiffs.  A close reading of the Complaint, however,

reveals that plaintiffs allege no facts to support the contention that the Toll Letter, while clearly a "communication" as defined in 15 U.S.C. § 1692a(2), constituted a collection or attempt to collect the amount in dispute. The letter represented the sole communication from the Toll defendants to the plaintiffs.  It was not created in an effort to recover the alleged debt owed, but to ascertain the identity of the rightful debtor.  At no point does the notice represent that the debt is owed by plaintiffs, indicate that they are required to pay the debt, or request that they remit any payment.   No amount is specified and no threats or coercive tactics are used to induce payment. While subsequent letters received from defendant Robert Charleston, Esq. certainly suggest that efforts were eventually made to collect the debt from plaintiffs, this Court must be wary to not hold the Toll defendants responsible for the actions of others.  Clearly, the communication from the Toll defendants, standing alone, was not of the type that the FDCPA sought to cover.

      To the extent that plaintiffs purport to rely on § 1692e(11), the Court likewise finds their argument misplaced.  Section 1692e(11) prohibits, in relevant part,"[t]he failure to disclose in the initial written communication with the consumer . . . *that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose*, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." Id. (emphasis added).  The communications covered by this provision are broader and not limited simply to those in connection with an attempt to collect a debt.  What plaintiffs' overlook, however, is the precise scope of this provision.  Although the right to bring a cause of action to enforce the FDCPA is generally not limited to "consumers," as that term is defined, the express terms of § 1692e(11) are, in fact, limited to an initial written communication "with the

consumer."[2]  See Conboy v. AT&T Corp., 84 F. Supp.2d 492, 504 (S.D.N.Y. 2000), aff'd, 241 F.3d 242 (2d Cir. 2000) (debt collector did not violate § 1692e(11) by not disclosing debt collection information to father-in-law and mother-in-law of debtor because disclosures are required to be made only to "consumer."); Weinrich v. Robert E. Cole, P.C., Civ. A. No. 00-2588, 2001 WL 4994, *4 (E.D. Pa. Dec. 22, 2000) (Section 1692e(11) regulates only conduct with the consumer).

As indicated above, under the FDCPA, the term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt, which for purposes of communications between a debt collector and a consumer, includes the consumer's spouse, guardian, executor, or administrator.  15 U.S.C. §§ 1692a(3) and 1692c(d).  In this case, plaintiffs effectively concede that they were not "consumers," as they were not, at the time of the Toll Letter, appointed as executors or administrators[3] of their father's estate.[4]  As such, § 1692e(11) does not apply.

---

2.  Notably, the prior version of the Act prohibited "[e]xcept as otherwise provided for communications to acquire location information under section 1692b of this title, the failure to disclose clearly *in all communications made to collect a debt or to obtain information about a consumer*, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."  Pub. L. 90-321, Title VIII, § 807, as added Pub. L. 95-109, Sept. 20, 1977, 91 Stat. 877, amended by Pub. L. 104-208, Title II, § 2305(a), Sept. 30, 1996, 110 Stat. 3009-425 (emphasis added).  Under the current version of the statute, that language was amended to require that the communication be made to a consumer.  15 U.S.C. § 1692(e).

3.  According to Exhibit B of defendant Toll's Reply Brief, plaintiff's Petition for Probate and Grant of Letters was not even filed until March 29, 2007, approximately six weeks after the Toll Letter was sent.  See Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004) (holding that, in a Rule 12(b)(6) motion, a defendant may submit an indisputably authentic document to the court for consideration without converting the motion into one for summary judgment).

4.  To the extent plaintiffs bring a cause of action under 15 U.S.C. § 1692g, it likewise fails since this provision also requires an "initial communication *with a consumer* in connection with the collection of a debt."  Id. (emphasis added).

In short, notwithstanding plaintiffs' pleas for further discovery, the Court must grant the Toll defendants' Motion to Dismiss the Fair Credit Reporting Practices Act claims against it. The sole facts alleged in the Complaint in support of these claims against defendant Toll stem entirely from the single Toll Letter.  A plain reading of that letter gives rise to no clear violations of the federal statute.  As correctly emphasized by the Toll defendants, no amount of discovery can yield a different conclusion.  Accordingly, we grant the Motion, under Rule 12(b)(6) to dismiss this claim.

### 2. Robert D. Charleston

In a similar effort to dismiss the pending federal action against him, defendant Charleston alleges that he has likewise not attempted to collect a debt from plaintiffs.  Specifically, Mr. Charleston contends that he makes no request or demand of payment from the plaintiffs, but simply notes that the unpaid condominium charges are liens against the property.  Further, he notes that only a demand for payment from a natural person can form the basis for an action under the Fair Debt Collection Practice Act.  15 U.S.C. § 1692(a)(3).  Accordingly, he asserts that there was no violation of the Fair Debt Collection Practices Act.

Unlike the case against the Toll defendants, however, plaintiffs' claims against Mr. Charleston, on their face, easily survive a motion to dismiss.  As emphasized above, for a communication to be governed by the FDCPA, it must convey information "regarding a debt directly or indirectly to any person through any medium." 15 U.S.C.A. § 1692a(2). Unequivocally, there is a "debt" at issue here – the condominium assessments against plaintiffs'

deceased father.[5]  In the January 30, 2007 letter, addressed specifically to plaintiff Robert Cole, Mr. Charleston expressly notes that letters of Administration will likely issue to the plaintiffs and that, in such an event, he will bring a claim for damages with regards to the unpaid condominium association fees.  The letter goes on to suggest that if plaintiffs would be interested in satisfying the lien, it could be arranged without incurring any additional damages.  (Complaint at Ex. C).  Such a letter clearly constitutes a communication regarding an attempt to collect a debt governed by the FDCPA.  Moreover, the letters suggest that oral conversations occurred between plaintiffs and defendant Charleston, which may have invoked some of the protections of the FDCPA.

As to defendant Charleston's contention that his letters reference only the obligation of an estate, which is not a "natural person" and, hence, not a "consumer" under 15 U.S.C. § 1692a(3), his argument is likewise misplaced.  The right to bring a cause of action to enforce the FDCPA is not limited to "consumers" as that term is defined.  15 U.S.C. § 1692k.  Rather, the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to *any person* is liable to such person in an amount equal to the sum of .... any actual damage sustained by such person as a result of such failure, [or] in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . ." 15 U.S.C. 1692k(a)(1) and (a)(2)(A) (emphasis added).  See also Dutton v. Wolhar, 809 F. Supp. 1130, 1134 (D. Del. 1992) ("[R]ecovery under the FDCPA is not limited to "consumers."); Weinrich, 2001 WL 4994, at *4 (citing cases in support of the principle that the grant of a cause

---

[5].  An assessment owed to a homeowners or condominium association qualifies as a "debt" under the Fair Debt Collection Practices Act.  Newman v. Boehm, Pearlstein & Bright, Ltd., 119 F.3d 477, 481-482 (7th Cir. 1997).

of action under the FDCPA for violations of various provisions of 15 U.S.C. § 1692e is given to "any person"). Thus, the express statutory language renders a debt collector liable to "any person" for failures to comply with any provision of the FDCPA so long as the alleged conduct was directed at that person; it does not limit causes of actions to those brought by a "consumer." Therefore, the Court declines to grant defendant Charleston's motion to dismiss plaintiff's FDCPA claims against it.[6]

### B. Plaintiff's State Law Claims

In conjunction with their claims against the defendants under the FDCPA, plaintiffs also bring state law claims under both the Pennsylvania's Debt Collection Trade Practices Regulation ("PDCTPR") and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Pursuant to 28 U.S.C. § 1367(c)(3), however, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." Under well-established jurisprudence, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 726-727, 86 S. Ct. 1130, 1139 (1966)).

---

[6]. Defendant Charleston also contends that he is not a "debt collector" as that term is defined in the FDCPA. As he concedes, however, that this defense requires evidence outside the record which is not appropriate on a Motion to Dismiss, we decline to reach this argument.

Defendant Charleston's sole argument in support of dismissal of the state law claims against him contends that because plaintiffs have no viable federal cause of action, the Court must, in turn, decline to exercise pendent jurisdiction. As determined above, however, the FDCPA claim against defendant Charleston survives a motion to dismiss, thus giving the Court no grounds on which to dismiss the state claims.

Plaintiffs' state law claims against the Toll defendants, on the other hand, present a different scenario. No viable federal cause of action exists against these defendants. As plaintiff has not cited, and this Court does not find any such considerations compelling us to retain jurisdiction of those state law claims, we decline to exercise jurisdiction over them.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL F. COLE, et al. | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO. 07-0590 |
| GILBERT E. TOLL, ESQUIRE, et al. | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, on this 16th day of November, 2007, upon consideration of Defendant Robert D. Charleston, Esquire's Motion to Dismiss Plaintiff's Complaint (Docket No. 3), Defendant Gilbert E. Toll, Attorney-at-Law, P.C. and Gilbert Toll's Motion to Dismiss Plaintiff's Complaint (Docket No. 7), Plaintiffs Daniel F. Cole and Robert E. Cole's Responses thereto (Docket Nos. 8 and 9) and the Toll defendants' Reply (Docket No. 10), it is hereby **ORDERED** that:

1. The Toll defendants Motion is **GRANTED** and the case against them is **DISMISSED**; and

2. Defendant Charleston's Motion is **DENIED**.

BY THE COURT:

*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.