IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL F. COLE, et al. | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO. 07-590 |
| ROBERT D. CHARLESTON, ESQUIRE | : | |
| | : | |
| Defendants. | : | **FILED JAN 1 5 2009** |

MEMORANDUM

BUCKWALTER S. J.                                                                       January 14, 2009

Currently before the Court is the Motion for Summary Judgment of Defendant Robert D. Charleston and the Response in Opposition of Plaintiffs Daniel F. Cole and Robert E. Cole. For the following reasons, the Court denies the Motion for Summary Judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

The original Complaint was filed by Plaintiffs on February 12, 2007. Defendant Toll filed a motion to dismiss on April 12, 2007, and Defendant Charleston filed a motion to dismiss on April 17, 2007. On November 16, 2007, this court granted Defendant Toll's motion to dismiss, and denied Defendant Charleston's motion. Defendant Charleston filed the instant Motion for Summary Judgment.

According to the facts,[1] attorney Gilbert Toll sent a letter, dated February 13, 2006 (the "Toll Letter"), on the letterhead of Gilbert E. Toll, P.C., to Plaintiff Robert E. Cole, Esquire

---

1. The facts averred are drawn from the Court's opinion in response to Defendant's Motion to Dismiss and, as such, are taken as uncontroverted.

ENTERED

JAN 1 5 2009

CLERK OF COURT

and Daniel F. Cole, Jr. (Compl. ¶ 10).[2] The letter references the Estate of Daniel F. Cole, Sr., the late father of the Plaintiffs, and stated as follows:

> RE: Estate of Daniel F. Cole Sr., deceased
> Premises: Unit 490 Old Forge Crossing Condominium,
> 1027 North Valley Forge Road, Devon, PA
>
> Dear Mr. Cole:
>
> I represent Old Forge Crossing Condominium Association. The Board of Directors has asked me to proceed to enforce its lien for condominium assessments against the above premises.
>
> According to the records of the Chester County Register of Wills, there has been no application for Letters Testamentary or Letters of Administration. Please advise me if an Estate has been raised in any jurisdiction, and if so, the name of the jurisdiction and identifying number.
>
> If I am able to obtain this information it will save the cost of searches and investigation which will constitute an additional lien against the above premises along with all legal fees to be incurred.
>
> I would appreciate your prompt response as I anticipate commencing such searches and investigation in (10) days. I thank you in advance for your cooperation.
>
> Sincerely,
>
> Gilbert E. Toll

(Compl. ¶ 10 and Ex. A.)

Subsequently, on December 19, 2006, Defendant Robert D. Charleston, Esquire sent to Plaintiff Robert Cole a letter, on the letterhead of "Law Offices of Robert D. Charleston," stating as follows:

---

2. Although the Complaint alleges that the letter was sent to both Plaintiffs, Exhibit A to the Complaint suggests that the letter was sent only to Plaintiff Robert E. Cole, Esq. and copied to the Property Manager of Old Forge Crossing Condominium.

2

> Dear Mr. Cole
>
> I represent Old Forge Crossing Condominium Association to whom your late father is indebted for unpaid association fees, owners assessments, special assessments, late fees and other costs in connection with his ownership of premises 490 Pewter Mews, Devon, PA 19333. As of December 4, 2006, the balance due on this account was $2,493.23. These charges constitute a lien against the Unit. In addition, any legal fees and court costs incurred by the Association in connection with the foreclosure of this lien and collection of the amount due constitutes a further lien against the Unit until paid.
>
> On December 15, 2006, a Petition for Citation in the captioned matter was filed with the Register of Wills of Chester County. The Register awarded a Citation to you on December 18, 2006. True and correct copies of the Petition as filed and the Citation awarded are enclosed. Kindly file your complete answers under oath on or before January 8, 2007 and as otherwise directed.

(Compl. ¶ 12 and Ex. B).

Finally, on January 30, 2007, Defendant Charleston sent Plaintiff Robert Cole a third letter, stating as follows:

> Dear Mr. Cole:
>
> Permit this to follow our conference before the Register of Wills and her solicitor on the above matter today and our brief discussion on the courthouse steps thereafter. It now appears with certainty that Letters of Administration will issue to one or more of the Cole family members prior to our hearing on April 2, 2007, or to my nominee thereafter. In the former event, we shall promptly bring our claim for damages as set forth in the Petition. In the latter event, we shall likely set the premises over for public sale in order to properly administer the estate.
>
> As you are undoubtedly aware, the passage of time serves only to increase the amount of damages, including the Association's attorney fees, for which the estate will ultimately be responsible. If you have an interest in satisfying the current obligation and establishing a mechanism by which the estate can

> timely satisfy future assessments and other charges, I would be pleased to calculate the exact amount of present damages, run a time sheet for counsel fees incurred to date and otherwise broach this with my client.
>
> In any event, I look forward to your earliest advices.

(Compl. ¶ 14 and Ex. C).

On February 12, 2007, Plaintiffs initiated the current action against both the Toll Defendants and Defendant Charleston, alleging that these letters violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Specifically, they asserted that the letters sent to Plaintiffs by Defendants were communications relating to a debt, as defined by the FDCPA,[3] which committed the following violations: (1) falsely representing the amount, character, or legal status of an alleged debt; (2) threatening to take action that cannot legally be taken and/or is not intended to be taken; (3) failing to disclose clearly in all communications made to collect debt or to obtain information about the Plaintiffs, that the Defendants are attempting to collect a debt and that any information will be used for that purpose; (4) failing to send Plaintiffs a written notice in their initial communication or within five days thereafter, containing any of the information required by § 1692(g) of the FDCPA; (5) contradicting, overshadowing, and obscuring the required validation/verification language required by § 1692(g) of the FDCPA by extraneous language contained in the aforementioned notices; and (6) otherwise using false, deceptive, misleading, and unfair or unconscionable means to collect or attempt to collect an alleged debt from the Plaintiffs. (Compl. ¶¶ 25-31). In addition, Plaintiffs allege violations of the Pennsylvania Trade Practices Regulations ("PDCTPR"), 37 Pa. Code §

---

3. 15 U.S.C. §§ 1692a(2) and 1692a(5).

303.3, *et seq.* and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, *et seq.* (Compl. ¶¶ 32-38).

Defendant Charleston asks this Court to consider whether: (1) Defendant is a "debt collector" as that term is defined in the FDCPA (15 U.S.C. § 1692(a)(6)); (2) the January 30, 2007, correspondence from Defendant to Plaintiff, Robert E. Cole, Esq., is subject to the FDCPA after Plaintiff Cole expressly held himself out as an attorney in the probate proceedings; (3) the December 19, 2006, correspondence alone, from Defendant to Plaintiffs, is a sufficient attempt to collect consumer debt to trigger the FDCPA, where Defendant is required to notify Plaintiffs of the issuance of a Citation by local court rule; and if (4) this Court should exercise jurisdiction over Plaintiffs' state court claims if the Federal claims are dismissed. For the following reasons, the Court dismisses Defendant's Motion for Summary Judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). For an issue to be "genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party. Id.

On summary judgment, it is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. Boyle v. County of Allegheny, Pa., 139 F.3d 386, 393 (3d Cir. 1998) (citing Petruzzi's IGA Supermarkets, Inc. v.

5

Darling-Delaware Co. Inc., 998 F.2d 1224, 1230 (3d Cir. 1993). Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993 (1962)); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987). If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

Although the moving party bears the initial burden of showing an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). It can meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's claims." Id. at 325. Once the movant has carried its initial burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec., 475 U.S. at 586. "There must . . . be sufficient evidence for a jury to return a verdict in favor of the non-moving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted." Arbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994), abrogated on other grounds, Showalter v. Univ. of Pittsburgh Med. Ctr., 190 F.3d 231 (3d Cir. 1999).

## III. DISCUSSION

### A. Whether Defendant Charleston is a "Debt Collector" under the FDCPA, 15 U.S.C. § 1692(a)(6)

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Defendant Charleston argues that the term "debt collector" as applied to an attorney, means a lawyer regularly engaged in consumer debt-collection on behalf of creditor clients. Heintz v. Jenkins, 514 U.S. 291, 299 (1995). Other than the instant action, Defendant says his percentage of revenue and cases derived from consumer debt collection over the past five years has been zero. (Def. Mot. Sum. J., Ex. H.) He believes that his affidavit, and sworn discovery responses, conclusively show that this is true. Therefore, he contends, it is impossible to conclude that he "regularly engages in consumer debt litigation," when the facts show he has not done so.

Conversely, Plaintiffs argue that Defendant Charleston has collected debts for Old Forge Crossing Condominium Association ("Old Forge") for a number of years. Plaintiffs include docket entries regarding lawsuits filed by the Defendant on behalf of Old Forge. (Pls.' Reply Br., Ex. B.) Plaintiffs claim that it is undisputed that Defendant Charleston forwarded correspondence to Plaintiffs regarding alleged assessments owed to his client, Old Forge. Plaintiffs contend that Defendant's assertion that in 2006 and 2007 he derived no income from debt collection is false, as evidenced by his response that he "was engaged on an hourly basis [4] to recover arrearages for the property located at 490 Pewter Mews, Devon, PA 19333." (Def. Mot. Summ. J., Ex. I.) Furthermore, Plaintiffs submit that their attached docket report shows that

---

4. Plaintiffs claim that their request for Defendant's income data went unheard; therefore, to come to this conclusion, Plaintiffs presumes that Defendant does not charge an hourly rate of zero.

7

Defendant has only been involved in two active cases in 2007. (Pls.' Reply Br., Ex. C.) The report establishes, they maintain, that a significant portion of his business was debt collection. Plaintiffs state that Defendant failed to disclose revenue received regarding representation of Old Forge, and as a result, he failed to provide sufficient evidence that he does not collect debt in the regular course of his business to support granting of summary judgment.

This Court agrees with Plaintiffs that there remains an issue of material fact as to the nature of representation, frequency, and compensation that Defendant Charleston received from representing Old Forge. Defendant argues that Plaintiffs' attachment of docket entries of two cases involving Charleston and Old Forge is "an apparent attempt to thicken their response memorandum" and is otherwise irrelevant. (Def.'s Reply Mem. Supp. Mot. Sum. J. 2.) However, Defendant does not attempt to further explain his relationship with Old Forge or to provide either a financial statement showing that "zero percent" of his revenue and case work comes from debt collection or evidence that explains the irrelevance of the docket entries.

The Court recognizes that the docket entries Plaintiffs provide merely establish that a relationship prior to the instant action existed between Old Forge and Defendant; however, this is enough to justify a decision in favor of Plaintiffs, as the non-moving party. Defendant has the information in his possession to establish that his relationship with Old Forge is not based on debt collection. Failure to present this information may be an oversight on the part of Defendant or an attempt to disguise the nature of his relationship with Old Forge. At this juncture of the proceedings, the Court cannot make this determination. Defendant's omission of relevant evidence in conjunction with Plaintiffs' docket entries, allows this Court to conclude that a reasonable fact finder could find that Defendant is a debt collector.

**B.   Whether the January 30, 2007, Correspondence from Defendant to Plaintiff Regarding the Proceedings, is Subject to the FDCPA**

In the November 15, 2007 Memorandum Opinion, this Court stated that the January 30, 2007, letter constitutes a communication regarding an attempt to collect a debt governed by the FDCPA. However, Defendant Charleston argues that his January 30, 2007 correspondence to Robert Cole, Esquire, following Cole's entry of appearance as counsel on December 28, 2006, at a probate conference at which he represented the respondents, was correspondence between counsel representing parties involved in a probate proceeding and is not subject to the FDCPA.

Plaintiffs contend that Defendant's averments are mere conclusions of law to which no response is required by the Federal Rules of Civil Procedure. Plaintiffs argue that Defendant has failed to cite any case law for the proposition that correspondence between counsel is not subject to the FDCPA. Plaintiffs claim that the Courts have consistently held contrary to defendant's position. (See Pls.' Opp. Mot. Summ. J. ¶ 2, citing[5] Nutter v. Messerli & Kramer, P.A., 500 F. Supp. 2d 1219, 1223 (D. Minn. 2007), Sprague v. Neil, Civ. A. No. 05-1605, 2008 WL 140718 (M.D. Pa Jan. 10, 2008).)

With no relevant case law from this District and Circuit, Defendant cites Tromba v. M.R.S. Assoc., Inc., 323 F. Supp. 2d 424 (E.D.N.Y. 2004), to support his contention that a notice sent by a debt collector to a debtor's attorney is not a "communication" subject to the FDCPA. In Tromba, all communications construed as falling under the FDCPA were sent

---

5. The Court fails to see how either of these cases are on point with Defendant's contention. While both cases address the FDCPA, they fail to discuss the role of attorneys in debt collection matters. Rather, they seem to be concerned with when an FDCPA claim becomes actionable, which is not at issue in the present proceeding.

9

exclusively to the plaintiff's attorney. "Where an attorney is interposed as an intermediary between the debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." Id. at 427, (citing Kropelnicki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002)). The court noted, "plaintiff has no cause of action under the FDCPA where a communication was solely directed to her attorney and no threat was made regarding contact with the debtor herself." Id. at 428.

In the current matter, Plaintiff is an attorney that Defendant claims acts as counsel on his own behalf. Defendant argues that Plaintiff serves as an intermediary and therefore, should not receive FDCPA protection. Defendant avers that following the December 2006 notice of the issuance of a Citation to the Plaintiffs, as required by Chester County rules[6], the only other correspondence issued by him was sent solely to Plaintiff, Robert Cole, who had already entered his formal appearance on behalf of both Plaintiffs in Chester County Probate Court. Defendant claims that Plaintiff, Robert E. Cole, began acting as designated counsel for himself and co-Plaintiff at least as early as December 28, 2006.

The purpose of the FDCPA is to protect individuals from fraudulent or harassing behavior from debt collectors. In Evory v. RJM Acquisitions Funding L.L.C., 505 F.3d 769, 774 (7th Cir. 2007), the court explained that the FDCPA is intended for the protection of unsophisticated consumers. Id. Thus, in deciding whether a representation made in a dunning letter is misleading, the court asks whether a person of modest education and limited commercial savviness would likely be deceived. Id. "[B]y the same token, the 'unsophisticated consumer'

---

6. Defendant fails to cite to which rule(s) he is referring. Failure to do so, makes it difficult for the Court to make a determination of the impact of this action.

standpoint is inappropriate for judging communications with lawyers." Id. The court explained that most lawyers representing consumers in debt collection cases are familiar with debt collection practices and law and therefore are less likely to be deceived. Id. "But sometimes a lawyer will find himself handling a debt collection case not because he's a specialist but because a friend or relative has asked him to handle it." Id. His sophistication in collection matters would be less than that of the specialist practitioner but much greater than that of the average unsophisticated consumer. Id. "[A lawyer] would not have to be an expert on the [FDCPA] to be able to look it up and discover what information sections 1652g(a)(3)-(5) require to be disclosed to the consumer, and then compare the requirements with the content of the communication that he has received on *his client's behalf.*" Id. at 774 (emphasis added). The court concluded that "a representation by a debt collector that would be unlikely to deceive a competent lawyer, even if he is not a specialist in consumer debt law, should not be actionable." Id. at 775.

Similar to the situation described in Evory, Plaintiff's father died and years later, Plaintiff was presented with a debt collection matter involving the estate. Simply because Plaintiff happens to be a lawyer does not mean that he should be precluded from coverage under the FDCPA. A lawyer - sophisticated or not - who has decided not to handle the case of a family member, should still be given protection under the FDCPA. The Evory court focuses on a lawyer who choose to represent a client.

Although Plaintiff Robert E. Cole is a lawyer, Defendant fails to show that his involvement in the debt collection matter was as the representative of a client. Defendant claims that since Robert E. Cole entered his appearance in the Register of Wills Division of the Chester

County Court of Common Pleas on December 29, 2006, any communication after this date should be treated as communication between counsel. It is clear through the case law, that Robert E. Cole, as an attorney, has the sophistication to avoid the abuse the FDCPA is intended to protect against, and that if Cole is found to be the representing attorney in the debt collection matter, the January 30, 2007, communication should fall outside the scope of the FDCPA. However, Defendant fails to provide clear and conclusive evidence of the nature of Plaintiff's representation. This failure creates a significant factual question that prevents this Court from granting summary judgment.

### C. Whether the December 19, 2006 Correspondence Alone is Subject to the FDCPA

In the event the Court finds that the January 30, 2007 correspondence is not subject to the FDCPA, Defendant argues that the December 19, 2006 correspondence from Defendant to Plaintiff was a sufficient attempt to collect a debt from a consumer to trigger the Act where Defendant was required to notify Plaintiffs of the issuance of a Citation by local court rules. For the same fact-based reason that this Court was unable to make a decision regarding the nature of the January 30, 2007 correspondence, it remains unclear whether the December 19, 2006 correspondence was subject to the FDCPA.

### D. Plaintiff's State Law Claims

Defendant Charleston, arguing in support of dismissal of the state claims against him, contends that because Plaintiffs have no viable federal cause of action, the Court must, in turn, decline to exercise jurisdiction over the state law claims. As determined above, however,

the FDCPA claim against Defendant Charleston survives this Motion for Summary Judgment, thus giving the Court no grounds on which to dismiss the state law claims.

## IV. CONCLUSION

The Court finds that factual questions remain as to the nature of the debt collection and possible attorney representation by Plaintiff Robert Cole. Therefore, this Court denies Defendants' Motion for Summary Judgment.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL F. COLE, et al. | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| GILBERT E. TOLL, ESQUIRE, et al. | : | NO. 07-590 |
| Defendants. | : | |

## ORDER

**AND NOW**, this 14th day of January, 2009, upon consideration of Defendant Robert D. Charleston, Esquire's Motion for Summary Judgment (Doc. No. 21 ), and Plaintiffs Daniel F. Cole and Robert E. Cole's Response thereto (Doc. No. 22) and the Defendant's Reply (Doc. No. 23), it is hereby **ORDERED** that the Motion for Summary Judgment is **DENIED**.

BY THE COURT:

_____
RONALD L. BUCKWALTER, S. J.