IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL F. COLE, et al. | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO. 07-0590 |
| ROBERT D. CHARLESTON, ESQUIRE | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER S. J.                                                                                                April 7, 2009

In our January 14, 2009 Opinion, this Court denied Defendant's request for summary judgment as to Plaintiff's claim that Defendant was acting as a debt collector under the Federal Debt Collections Practice Act ("FDCPA"), 15 U.S.C. § 1692(a)(6), and subsequently, was subject to the FDCPA for correspondence Defendant sent Plaintiff regarding owed condominium fees to Old Forge Crossing Condominium Association ("Old Forge"). In response to Plaintiff's allegations, Defendant argued that he was not a debt collector[1] because, other than this case, he had zero revenue derived from debt collection in the past five years. Defendant signed an affidavit attesting to that fact and he argued that Plaintiff failed to offer evidence that showed otherwise.

In response to Defendant's request for evidence, Plaintiff presented docket entries from prior cases involving Old Forge, represented by Gilbert E. Toll, a former Defendant in this case.

---

[1] The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6).

The Court recognized that the attached docket entries showed that the attorney representing Old Forge was Mr. Toll, not Defendant Charleston.  Defendant did not address this matter in his briefing other than to produce a statement that seemed to contradict his affidavit: "In an apparent attempt to thicken their response memorandum, Plaintiffs can do little more than attach docket entries of two cases, neither of which were debt collection matters, handled by the Defendant, Charleston." (Def.'s Reply Supp. Mot. Summ. J, 2).  The Court, as Defendant's sentence structure dictates, read Defendant's statement as meaning that Defendant Charleston, not Mr. Toll, represented Old Forge in the two cases, which were not debt collection matters.  Defendant presented no evidence to refute that the cases were debt-collection matters, or to explain his relationship to Old Forge and Mr. Toll.  Based on the contradicting statements and Plaintiff's assertions, the Court found that Defendant's omission created a factual question as to a material issue in the case and, accordingly, denied summary judgment.

On January 23, 2009, Defendant filed a motion to reconsider, and on February 26, 2009, Plaintiff filed a response.  Defendant explained, counter to his initial statement, that the docket entries were cases wherein Mr. Toll represented Old Forge, and that he and Mr. Toll had no professional affiliation.  Plaintiff's response provided nothing additional to controvert Defendant's testimony.

On March 6, 2009, the Court scheduled an oral argument for March 18, 2009, with the intent to resolve the issues pertaining to Defendant's relationship to Old Forge and Mr. Toll.  During the argument, Defendant explained that he had no prior relationship to Old Forge and that his relationship to Mr. Toll does not go beyond sharing the same office building.  When the Court asked Plaintiff's counsel if he would like to question Defendant under oath before the

Court, he declined. Plaintiff's counsel was then asked if he could produce evidence that disputed Defendant's statements and he could not. Therefore, the Court finds that based on the evidence provided, Defendant had no prior debt collection relationship with Old Forge, and has not regularly engaged in debt collection. As such, he is not a debt collector.

Accordingly, upon reconsideration, this Court finds that summary judgment should be granted in favor of Defendant, and against Plaintiffs.

An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL F. COLE, et al. | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | NO. 07-0590 |
| ROBERT D. CHARLESTON, ESQUIRE | : | |
| Defendant. | : | |

### ORDER

**AND NOW**, this 7th day of April, 2009, upon consideration of Defendants' Motion for Reconsideration (Doc. No. 25), and Plaintiff's Response to Defendant's Motion for Reconsideration (Doc. No. 26), and both Parties' testimony from Oral Argument before this Court on March 18, 2009, it is hereby **ORDERED** that:

1. Defendant's Motion for Reconsideration is **GRANTED;** and

2. Defendant's Motion for Summary Judgment is **GRANTED**, in favor of Defendant and against Plaintiffs.

**JUDGMENT IS ENTERED** in favor of Defendant and against Plaintiffs. This case is **CLOSED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.